# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 1:04-CR-36-1** |
| | § | |
| **SCHON RANDELL RUSCH** | § | |

## REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed April 19, 2007, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on March 30, 2005, before The Honorable Ron Clark of the Eastern  District of Texas after pleading guilty to the offense of conspiracy to manufacture, or attempt to manufacture, methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The

guideline imprisonment range, based on a total offense level of 10 and a criminal history category of I, was 6 to 12 months.  Defendant was subsequently sentenced to 5 years probation subject to the standard conditions of release, plus special conditions to include drug aftercare; electronic monitoring home detention; GED; participation in a parenting program; financial disclosure; and a $100 special assessment. On March 30, 2005, Defendant began service of the probation term.  Defendant's term of probation was revoked on August 25, 2005, and defendant was sentenced to 10 months imprisonment, followed by two years supervised release.

## II.  The Period of Supervision

On February 10, 2006, Schon  Rusch was released from serving the imprisonment term to begin serving 24 months supervised release in the Eastern District of Texas.  Defendant's term of supervised release was revoked on May 25, 2006, and defendant was sentenced to 9 months imprisonment, followed by 12 months supervised release. On January 12, 2007, defendant was released from serving the imprisonment term to begin serving 12 months supervised release in the Eastern District of Texas.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on April 19, 2007.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition: | Defendant shall notify the probation officer within seventy-tow hours of being arrested or questioned by a law enforcement officer. |
| Special Condition: | Under the guidance and direction of the U.S. Probation Office, defendant shall participate in and complete a parenting program and a family counseling program, any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. |

As grounds, the petition alleges that defendant was arrested by the Jasper County Sheriff's Department on a charge of unlawfully carrying a weapon on March 24, 2007.  On March 25, 2007, defendant was released from custody after posting a $5,000 bond.  Defendant failed to report the arrest to his probation officer within seventy-two hours of his arrest.  The petition also alleges that on April 12, 2007, defendant failed to attend his scheduled mental health treatment session as required.

## IV.  Proceedings

On May 3, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree

to plead "true" to the allegation that he violated a standard condition of supervised release by failing to report his arrest to his probation officer within seventy-two hours.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose four (4) months imprisonment, with no further term of supervised release thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report his arrest to his probation officer within seventy-two hours.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.  Due to the defendant previously serving imprisonment sentences resulting from previous revocations of supervised release, the maximum term of imprisonment is five months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to report his arrest to his probation officer within seventy-two hours, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.   U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.    The nature and circumstance of the offense and the history and characteristics of the defendant; <u>see</u> 18 U.S.C. § 3553(a)(1);

2.    The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.    Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4.    Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report his arrest to his probation officer within seventy-two hours.  Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition.  Defendant's violations are Grade C violations with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to report his arrest to his probation officer within seventy-two hours.  As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1.      The court should find that defendant violated a standard condition of supervised release, by failing to report his arrest to his probation officer within seventy-two hours, in the manner alleged in the petition.

2.      The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3.      Defendant should be sentenced to a term of imprisonment of four (4) months, with no further term of supervised release thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __11__ day of May, 2007.

_____
Earl S. Hines
United States Magistrate Judge